### 8971

### BLAKELEY, AS RECEIVER, ETC., v. BRADLEY.

### *IN RE* BOBO *ET AL.* v. STATE MUTUAL FIRE INS. CO.

#### (83 S. E. 184.)

#### INSURANCE. APPEAL AND ERROR. FINDINGS OF FACT.

1. APPEAL AND ERROR—WAIVER OF ERRORS.—Exceptions not relied upon on appeal will not be considered.
2. INSURANCE—MUTUAL FIRE COMPANIES—MEMBER OF ASSOCIATION.— Evidence *held* to show that the policies in a mutual insurance company were issued and delivered, and that defendant was liable for his assessment.

Before SHIPP, J., Laurens, November, 1913. Affirmed.

Action by A. Ross Blakeley, as receiver of State Mutual Fire Ins. Co., against T. M. Bradley. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. L. D. Jennings* and *Richey & Richey*, for appellant, cite: 77 S. C. 187; 15 Fed. Cas. 158, 160.

FOOTNOTE.—As to liability of members of mutual insurance companies, and who are members, see note in 32 L. R. A. 481 to 508.

*Mr. F. P. McGowan,* for respondent, submits: *The State Mutual Fire Ins. Co. was organized under Civil Code 1902, secs. 1912 to 1916, and its charter was amended by Civil Code 1912, · sec. 2775. Liability of members:* 2 Strob. 348. *When contract was complete:* 9 Cyc. 295; 11 A. and E. Enc. of L. 283, 285. *Findings of fact:* 55 S. C. 205; 94 S. C. 80. *Rights of parties vested when policies were issued:* 77 S. C. 301; 2 May.Ins., sec. 399.

October 16, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action by the receiver of the defunct State Mutual Fire Insurance Company against an alleged policyholder for past due assessments, aggregating $208.27. Denial by the defendant of any contract of insurance with the company.

The cause was referred, and the report was for plaintiff; it was confirmed by the Circuit Court; the defendant appeals here.

The appellant made four exceptions, but he thus states his case: "The only question brought before this Court by the defendant on his appeal is, whether or not he ever became a member of the State Mutual Fire Insurance Company; and whether or not the plaintiff ever issued and delivered to the defendant the policies sued on; and whether or not the policies were ever accepted by the defendant." The grounds of appeal, other than these, will, therefore, not be considered. Whether the appellant became a member of the company depends upon what he did and what the company did.

The appellant made two applications for insurance, one called a dwelling house application to cover (1) a dwelling house; (2) a barn, and (3) a granary; another called a mercantile application to cover (1) a store, and (2) a stock of merchandise therein.

It is conceded that the latter application, that on the store, was accepted and a policy of insurance therefor was sent to the appellant.

It is denied by the appellant that he ever received a policy of insurance upon the dwelling house, etc.; and the appellant declined to accept one policy without the other.

The appellant did notify the company by letter that he had received one policy, but not the other, and he asked for a duplicate of the other to be sent to him.

The company notified appellant by letter that both policies had been forwarded by mail, and the number of the dwelling house policy was given.

The secretary and treasurer of the company testified as follows: "Both policies, 1351 and 1353, were issued by me, and mailed to Mr. Bradley, addressed to his postoffice."

The referee and the Circuit Court found that to be true.

If that be true, then the policies were issued and delivered, and the defendant is bound.

The judgment below is affirmed.