## 9490

### WILLIAMS v. PHILADELPHIA LIFE INS. CO. *ET AL.*

#### (89 S. E. 675.)

1. PLEADING — ALTERNATIVE CAUSES — TORT AND CONTRACT—EFFECT OF DEMURRER.—If a complaint containing allegations appropriate to causes in tort and contract is sufficient on either cause, it is not demurrable.

2. INSURANCE—DELIVERY OF POLICY—EFFECT OF MAILING.—When the insurer mails its policy to the applicant delivery is complete, and liability attaches as soon as the policy is placed in the postoffice, in the absence of notice of refusal on good grounds by the applicant to accept it as issued.

3. INSURANCE—DELIVERY OF POLICY—EFFECT OF MAILING TO AGENT.— when the insurer mails its policy to its agent for delivery to the applicant without contemplation of further action, delivery is complete and liability attaches, though the agent wrongfully fails to deliver it.

4. PRINCIPAL AND AGENT—LIABILITY FOR ACT OF AGENT.—A principal is liable for the wrongful acts of his agent while acting within the apparent scope of his authority, even when committed against the principal's instructions, and he cannot benefit from such acts to the prejudice of an interested third party dealing with him.

5. INSURANCE — ACTIONS — PLEADING—PRESUMPTION.—From allegations in complaint that arrangements satisfactory to insurer had been made for payment of the premium, and that the policy was issued and forwarded to the agent for delivery to the applicant, it will be presumed that the delivery was intended to be unconditional, and hence failure of the agent to deliver was wrongful.

Before BOWMAN, J., Lancaster, March, 1916.   Reversed.

Action by H. T. Williams, administrator of the estate of Margaret E. Williams, against the Philadelphia Life Insurance Company and others. From an order sustaining demurrer to the complaint, plaintiff appeals.

Complaint referred to, and in the opinion held to state a cause of action, is as follows:

1. That Margaret E. Williams, who was the wife of plaintiff, H. T. Williams, died intestate on the —— day of April, 1911, and that the plaintiff was thereafter, by the probate Court for York county, appointed as administrator

of the estate of said Margaret E. Williams, and that plaintiff has duly qualified and is now acting as such administrator.

2. That the defendant, Philadelphia Life Insurance Company, is a foreign corporation, chartered and organized as a life insurance company under the laws of Pennsylvania, with its home office at Philadelphia, and at the time hereafter mentioned was, and now is, engaged in the business of life insurance in the State of South Carolina.

3. That the defendant, Gordon Insurance & Investment Company, is a foreign corporation, chartered and organized under the laws of North Carolina as a life insurance company, with its main office at Monroe, N. C., and at the times hereinafter mentioned was, and now is, engaged in the business of soliciting and delivering contracts of life insurance in the State of South Carolina, as agents for the defendant, Philadelphia Life Insurance Company.

4. That on the 22d day of December, 1910, the said Margaret E. Williams, on the solicitation of defendant, Gordon Insurance & Investment Company, as agents for the defendant, Philadelphia Life Insurance Company, filed with said Philadelphia Life Insurance Company an application for insurance on her life for the benefit of her estate, for the sum of $10,000, having made arrangement with the defendants for the payment of the premium therefor satisfactory to them.

5. That plaintiff is informed and believes that some time in January, 1911, the defendant, Philadelphia Life Insurance Company, issued a contract of insurance on the life of said Margaret E. Williams for the sum of $10,000, payable at her death to her estate, and forwarded the same to its said agent, Gordon Insurance & Investment Company, for delivery to the said Margaret E. Williams.

6. That it was the duty of the said Philadelphia Life Insurance Co., to said Margaret E. Williams, to pass upon her application for insurance, and give her notice of its

action thereon within a reasonable time; that it was also the duty of the said Philadelphia Life Insurance Co., within a reasonable time, to notify said Margaret E. Williams of the issuance of the policy, and that it was in the hands of its agents, Gordon Insurance & Investment Company, for delivery, and to tender said policy to said Margaret E. Williams for acceptance.

7. That it was the duty of defendant, Gordon Insurance & Investment Company, as agents for the said Philadelphia Life Insurance Company, within a reasonable time, to give said Margaret E. Williams notice of the action of said Philadelphia Life Insurance Company, upon the said application for insurance solicited by it, and that it was its duty, within a reasonable time, to notify said Margaret E. Williams that it had the policy placed in its hands for delivery, and to tender said policy to the said applicant for acceptance.

8. That in breach of their said duty in the premises the defendants negligently, wantonly, and wilfully failed to notify said Margaret E. Williams of the action of the Philadelphia Life Insurance Company, upon the said application, and negligently, wantonly, and wilfully failed to notify said Margaret E. Williams of the issuance of the said policy, and negligently, wantonly, and wilfully failed to tender said policy to said Margaret E. Williams for acceptance; but, on the contrary, without any notice to said Margaret E. Williams, and without her knowledge, and without her consent, caused said policy to be returned to the said Philadelphia Life Insurance Company for cancellation.

9. That said Margaret E. Williams, from the time of her application for insurance to the time of her death, relied upon the performance by defendants of their duty in reference to said insurance, and did not, on that account, make any attempt to procure insurance for her estate elsewhere, and that she would have accepted the policy and would have complied with the conditions of the policy issued as afore-

said, if opportunity had been presented her; and, if she had received notice that her said application had been rejected, she would have and could have procured such insurance for her estate in another company.

10. That by reason of the said negligent, wanton, and wilful conduct of the defendants, the property and estate of said Margaret E. Williams was and is injured to her damage $15,000.

*Messrs. Williams & Williams* and *Jones & Jones,* for appellant, cite: *As to completed contract:* 63 S. C. 198; 99 S. C. 229; 12 Barber 595; May. Ins., sec. 133c; 76 S. C. 865; 68 S. E. 391; 16 A. &. E. Enc. of L. 856; 71 S. C. 356. *Allegation of delivery:* 97 S. C. 414. *Nature of insurance contracts:* 92 S. C. 321; 94 S. C. 374; 35 Sup. Ct. Rep. 504; 136 Am. St. Rep. 534; 74 N. J. 372; 135 Am. St. Rep. 708; 34 Sup. Ct. Rep. 612; L. R. A. 1915c, 1189. *Tortious breach of contract:* 70 S. C. 117; 28 A. & E. Enc. of L. (2d ed.) 253; 40 L. R. A. (N. S.) 164; 46 L. R. A. (N. S.) 25; 51 Iowa 679; 11 Hawaii 69. *Measure of damages:* 9 Exch. 341; 58 S. C. 373; 65 S. C. 492. *Question as to survival of action waived by failure to demur:* Code Civ. Proc., sec. 194. subd. 2; and sec. 198; 46 S. C. 16 and 394; 47 S. C. 66; 71 S. C. 98; 78 S. C. 433. *Cause of action survived:* 2 Stats. 425; 21 Stats. 18; Rev. Stats. 1893, sec. 2323; Civil Code 1912, sec. 3963; 59 S. C. 571; 1 Brev. 456; 10 Rich. 92; 20 S. C. 480; 1 Cyc. 49; 21 Enc. Pl. &. Pr. 312, 322; 20 S. C. 480.

*Messrs. Duane, Morris & Heckscher, Wilson & Wilson* and *Stack & Parker,* for respondent, cite: *As to no contract being consummated:* 9 Cyc. 267, 246, 270; 6 R. C. L. 606; Vance Ins. 161; 83 Fed. 631; 77 S. C. 187. *Terms and consideration of policy not alleged:* 11 Enc. Pl. & Pr. 413; 25 Cyc. 916; 79 Mo. App. 420. *No breach of contract alleged:* 9 Cyc. 728. *Nor damages:* 9 Cyc. 730. *No tort*

*alleged:* 14 Enc. Pl. & Pr. 332; 18 S. C. 471; 28 S. C. 388; 34 S. C. 62; Code Civ. Proc. 192; 70 S. C. 108; 38 Cyc. 426-7; 77 S. C. 187; 9 Cyc. 291; 1 Jaggard Torts, 89. *Delay in acting on application not acceptance of contract:* Vance on Insurance, page 161; 16 A. & E. Encyc. (2d ed.), page 851; 25 Cyc. 714; 124 N. C. 395; 32 S. E. 733; 17 S. D. 235; 95 N. W. 929; 61 Ala. 163; 28 Fed. 705; 30 Fed. 545; 53 Ill. 516; 5 Am. Rep. 64; 130 N. Y. 537; 123 Tenn. 307; 30 L. R. A. (N. S.) 954; 145 Ky. 563; 103 Iowa 189; 72 N. W. 503. *Damages too speculative:* 21 A. & E. Enc. of L. 498; 29 Cyc. 572; 8 A. & E. Enc. of L. 608; 65 S. C. 492.

August 10, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order sustaining a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action—

"In that it does not allege any contract, between Philadelphia Life Insurance Company and plaintiff's intestate, and in that it does not allege the breach, by the defendants, of any duty owing by defendants, to plaintiff or plaintiff's intestate, or the neglect of any such duty."

The complaint (which will be reported) contains allegations appropriate to two causes of action, one arising *ex contractu,* and the other *ex delicto.* If they are sufficient to constitute either cause of action, the complaint is not demurrable. *Cartin* v. *Railway,* 43 S. C. 221, 20 S. E. 979, 49 Am. St. Rep. 829.

In the case of *Blakeley* v. *Bradley,* 99 S. C. 229, 83 S. E. 184, the action was to recover of the defunct State Mutual Fire Insurance Company, against an alleged policyholder, for past due assessments. The defendant denied that he was a policyholder, on the ground that he had never received

the policy of insurance. The secretary and treasurer of the company testified that the policy was issued by them, and mailed to the defendant, addressed to his postoffice. This Court said: "If that be true, then the policies were issued, * * * and the defendant is bound."

If, at the time of mailing a policy, properly addressed to the applicant, it is the intention of the insurer that it is to be delivered to the applicant without further action on the part of the insurer, then the law regards the policy as issued and delivered, as soon as it is placed in the postoffice for that purpose. The mailing of the policy, under such circumstances, manifests an intention on the part of the insurer to complete the negotiations for insurance; and such will be its effect unless the applicant gives notice of some good reason, for refusing to accept the policy.

Is there any difference in principle, when the insurer mails the policy to a third party, or even to an agent, with the sole object, in using such a medium of communication, to effect the unconditional delivery of the policy to the applicant? If the insurer in such a case, does not contemplate any further action than the delivery of the policy by the agent, then the delivery becomes effectual as soon as the policy is mailed; and no unauthorized act on the part of the agent in disobeying the instructions of the principal will be allowed to defeat the vested rights of the applicant and the intention of the insurer, when he placed the policy in the postoffice. It is even doubtful, whether the insurer himself could prevent the delivery of the policy to the applicant, after mailing it under such circumstances. The test is whether the policy is mailed to the agent without any other intention than its unconditional delivery to the applicant. It would be inequitable and unjust, and would be prejudicial to the conduct of the business interests of the country, if the doctrine was recognized that an agent, by an unauthorized act, and in disobedience of his instructions,

should be allowed to defeat, not only the intention of his principal, but likewise the rights of those dealing with him. A contrary doctrine would, at least, be against the spirit of the maxim that equity considers that as done which should have been done.

It is also a well recognized doctrine that a principal is liable for the wrongful acts of his agent while acting within the apparent scope of his authority, even when committed against the instructions of the principal; and it unquestionably would be in violation of the spirit of this rule if a principal should be allowed to reap a benefit from the wrongful and unauthorized act of an agent, especially when such wrongful act would be prejudicial to the rights of an interested third party, dealing with the principal. We proceed to construe the complaint, in the light of these principles.

The words, "having made arrangements with the defendants for the payment of the premium therefor satisfactory to them," in the fourth paragraph do not, it is true, show the terms of the agreement between the parties in regard to the payment of the premium, but they were evidently intended to convey the idea that the nonpayment of the premium was not to interfere with the delivery of the policy in case the application was approved by the insurer.

The allegations of the fifth paragraph are as follows:

"The plaintiff is informed and believes that some time in January, 1911, the defendant issued a contract of insurance on the life of the said Margaret E. Williams for the sum of $10,000, payable at her death to her estate, and forwarded the same to its said agent, for delivery to the said Margaret E. Williams."

The allegations which we have quoted show that the policy was mailed by the defendant to its agents for delivery; and as there are no allegations that they were authorized to do any other act in regard to the policy it must be presumed

that such delivery was intended to be unconditional. It was, therefore, a wrongful and unauthorized act on their part in failing or refusing to deliver the policy. We have already shown that a policy is constructively delivered as soon as it is mailed, under the circumstances alleged in the complaint.

The respondent gave notice that it would ask that the order of the Circuit Court be sustained upon the additional grounds that the plaintiff's right of action, if any, did not survive, and that the damages alleged are uncertain, remote, and speculative. Having reached the conclusion that the complaint states facts, sufficient to constitute a cause of action, based on contract, the questions presented by the additional grounds become merely speculative.

Judgment reversed.