THIRD DISTRICT—OCTOBER, 1918.    581

Wenz v. Business Men's Acc. Assn. of America, 212 Ill. App. 581.

## John Wenz, Sr., Appellee, v. Business Men's Accident Association of America, Appellant.

1. INSURANCE, § 113*—*what constitutes delivery of accident policy.* The mailing of an accident policy, after acceptance by the insurer of the application of the insured and payment of the premium, to the agent of the insurer, with directions to deliver it to the insured, is a delivery to the insured from the time of the mailing of the policy, if no further action upon the part of the insurer is contemplated.

2. INSURANCE—*what constitutes acceptance of accident policy.* There was an acceptance of an accident policy by the insured at the time of taking the application where at such time a sample copy of the policy was presented to the insured and he expressed his satisfaction with the policy and paid the premium, even though the application contained a statement that the policy issued on the application was to take effect when received and accepted by the insured, and a question in the application, as to whether the insured agreed upon receipt of the policy to examine it, and if it was not satisfactory to return it in three days in order that the amount paid might be refunded, was answered in the affirmative.

Appeal from the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 22, 1918. *Certiorari* denied by Supreme Court (making opinion final).

H. A. NEAL and GILMORE & BROWN, for appellant.

C. A. SHUEY and A. C. & BEN F. ANDERSON, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

John Wenz, Jr., kept a restaurant near the railroad station, about one-half a mile from the post office and public square, in Charleston, Illinois. Appellant is an insurance association with its principal office located at Kansas City, Missouri, and has an agent, Glenn Baird, at Charleston. The agent was furnished, by appellant,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with a copy of the policy it issued to be used in soliciting insurance and for the inspection of prospective applicants. Wenz was solicited by Baird to take a policy of insurance. They had several talks about the matter and Baird showed Wenz a sample copy of the policy that would be issued to him upon an acceptance, by appellant, of his application. Wenz on May 11, 1917, signed an application for such a policy as he had seen, which was to be sent to him by mail, and immediately paid the premium thereon.

At the top of the application is a statement that: "The policy issued on this application is to take effect when received and accepted by me." In the body of the application the question is asked, "Do you agree that upon the receipt of the policy you will examine, and if satisfactory accept it, and if not satisfactory you will return it within three days, in order that the amount paid herewith may be returned to you?" The question is answered, "Yes."

The application and money received from Wenz were, by Baird, immediately forwarded to appellant at Kansas City, Missouri. After receiving the application and money the secretary of appellant wrote Wenz a letter, dated May 23, 1917, saying: "Your application for membership in this association has been approved by the Membership Committee and policy is enclosed. We appreciate having received your application and in case you suffer either accident or illness, are sure that you will be glad that you have protected yourself against entire loss of income during such a period." This letter was received by Wenz at the post office, in Charleston, about 11 o'clock in the morning of May 26, 1917, and was found by an undertaker in his pocket after his death the afternoon of the same day. The writer of the letter failed to inclose the policy therein but sent it, together with other policies, in a letter of the same date to Baird with instructions to deliver the policies. Baird got the letter addressed to

him from the post office about 1:30 p. m. May 26, 1917, and about two hours later was on his way to deliver the Wenz policy when a cyclone swept over part of the City of Charleston, and Wenz was among those who lost their lives. It is conceded that the necessary proof of death was made.

Appellant has assigned several errors, but in argument correctly says: "The real question at issue in this case is whether the policy of insurance upon which suit was brought was in effect at the time of the death of John Wenz, Jr. The facts with reference to the transaction are not in dispute." The insurance policy was admitted in evidence without objection and the terms thereof were thereby established.

The policy was to have been sent to the assured by mail, and had it been inclosed in the letter dated May 23, 1917, would have been delivered when the letter was deposited in the mail.

If at the time of mailing a policy properly addressed to the applicant it is the intention of the insurer that it is to be delivered to the applicant without further action on the part of the insurer, then the law regards the policy as issued and delivered, as soon as it is placed in the post office for that purpose. The mailing of the policy, under such circumstances, manifests an intention on the part of the insurer to complete the negotiation for insurance, and such will be the effect unless the applicant gives notice of some good reason for refusing to accept the policy. *Williams v. Philadelphia Life Ins. Co.,* 105 S. C. 305, 89 S. E. 675 (676). The deposit of a life insurance policy in the mails, addressed to the insured, is a delivery to him, although he dies after it is so deposited and before receiving it. *Triple Link Mut. Indemnity Ass'n v. Williams,* 121 Ala. 138, citing 1 May on Insurance, secs. 46-49; 1 Bacon on Benefit Societies, secs. 272, 273. Where nothing remains to be done but to issue a policy in accordance with the terms of the application, by way of acceptance

of such application, the contract becomes complete when the policy is placed in the mail, postage prepaid, for delivery in due course to the insured. 25 Cyc. 718. Is there any difference in principle, when the insurer mails the policy to a third party, or even to an agent, with the sole object in using such a medium of communication, to effect the unconditional delivery of the policy to the applicant? If the insurer in such a case does not contemplate any further action than the delivery of the policy by the agent, then the delivery becomes effective as soon as the policy is mailed. *Williams v. Philadelphia Life Ins. Co.,* 105 S. C. 305, 89 S. E. 675 (676); *Rose v. Mutual Life Ins. Co. of New York,* 240 Ill. 45; *Unterharnscheidt v. Missouri State Life Ins. Co.,* 160 Iowa 223, 138 N. W. 459, and 45 L. R. A. (N. S.) 743.

The appellant had received the application and premium; had accepted the application; had issued and delivered the policy, and nothing remained to be done by appellant unless the insured (Wenz) refused to accept the policy and returned it within three days in order that the amount paid by him might be refunded. The policy did not require any statement of acceptance, but simply gave Wenz a right, if not satisfactory to him, to return it. This provision of the policy was for the benefit of Wenz, to exercise or not, and the appellant acquired nothing under it.

John Wenz, when talking with Glenn Baird, said he (Wenz) had two or three policies, but intended dropping one or two of them and taking a policy like the one Baird showed him. Wenz examined the sample policy immediately prior to the execution of the application and thereby learned the terms of the policy that would be issued to him by appellant. Wenz, after signing the application, on two or three occasions asked Baird if he had received the policy, and was each time told the policy would be sent to him by mail. He did not have to wait until he saw the policy to determine whether it

was satisfactory nor to decide whether he would accept it. Those questions had been determined on an inspection of the sample policy, before making the application and paying the premium. The sole object in making the application and paying the premium was to obtain the policy. It has been held that an assent to a deed before its execution is a sufficient acceptance. (*Mitchell's Lessee v. Ryan,* 3 Ohio St. 377; *Hoffman, Burneston & Co. v. Mackall,* 5 Ohio St. 124), and we hold that, under the facts in this case, there was a sufficient acceptance of the policy by Wenz at the time he made the application and paid the premium.

In this case the issuance of the policy is admitted, likewise the death of the insured and the making of the necessary proof to the association. The admission of the policy in evidence proves the terms thereof. The evidence establishes the payment of premium and the acceptance and delivery of the policy. The appellee was entitled to recover, and finding no reversible error in the record the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*