## 11248

### WELCH *ET AL.* v. LIFE INS. CO. OF VA.

#### (117 S. E., 720)

INSURANCE—INSURANCE COMPANY SUED FOR NON-DELIVERY OF POLICY HELD ENTITLED TO NONSUIT.—In an action for damages for non-delivery of an insurance policy brought by beneficiaries after death of the insured where the policy had been issued and forwarded to defendant's agent for delivery, but delivery delayed because insured was sick at the time, and where the policy contained a provision that it was to be of force only after delivery, during good health of the insured, and payment of the premium, *held,* that defendant was entitled to a nonsuit.

Before SEASE, J., Greenville, November, 1922. Reversed.

Action by Weldon E. Welch and wife against Life Insurance Company of Virginia. Judgment for plaintiffs and defendant appeals.

*Mr. B. A. Morgan,* for appellant, cites: *Suit did not survive:* 1 Civ. Code 1912, Sec. 3963. *Burden of proof on plaintiff to show good health:* 50 S. C., 49. *Force and effect of application:* 15 Fed. Cas., 158; 17 S. W., 864; 39 Am. Rep., 585; 21 So. 361; 77 S. C., 191; 74 S. C.. 73; 46 S. C., 372; 117 S. C., 60; 117 S. C., 388.

*Mr. J. Robert Martin,* for respondents cites: *When policy was mailed at Richmond plaintiffs as beneficiaries took a vested right:* 114 S. C., 206; 114 S. C., 307; 105 S. C., 309. *Burden of proof on defendant:* 106 S. C., 421;

NOTE: On effect of delivery to agent as delivery to assured of policy containing stipulation that it shall not become binding unless delivered to assured while in good health, see notes in 17 L. R. A. (N. S.), 1146; L. R. A., 1916F, 173.

97 S. C., 170; 88 S. C., 37; 62 S. C., 150. *Issue narrowed to pleadings:* 97 S. C., 170. *Private instructions to agents inadmissible:* 58 S. C., 211; 92 S. C., 499. *Waiver of payment:* 112 S. C., 447; 14 R. C. L., 958; 92 Am. Dec., 529; 65 Am. Dec. 565. *Agent may waive:* 97 S. C., 379; 88 S. C., 40; 115 S. C., 136. *Nonsuit would have been improper:* 115 S. C., 128; 106 S. C., 421; 112 S. C., 436; 115 S. C., 318; 97 S. C., 164; 111 S. C., 401; 110 S. C., 315. *Parol evidence did not vary terms of application:* 115 S. C., 136; Jones Evid. Sec., 203; 65 Am. Dec., 567; 82 S. C., 89; 95 S. C., 9; 93 S. C., 173.

May 31, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This action was begun by the service of the summons and complaint, July 6, 1921. The action was for damages because of the failure to deliver an insurance policy on the life of Augustat R. Welch, in which the plaintiffs, as father and mother of Augusta, were to be beneficiaries. The complaint alleged that in January, 1920, Augusta R. Welch signed an application for the insurance; that she stood the medical examination; that the application and certificate of examination was forwarded to the home office of the appellant at Richmond, Va., it issued a policy for $1,000, and mailed to its Greenville agents for delivery; that Augusta R. Welch died March 11, 1920, without the policy having been delivered, and such failure was due to the negligence of the company and its agents; that Augusta had complied with all of the requirements of the company, and for the reason stated the alleged damages to the plaintiff followed.

"The appellant answered admitting the application for insurance, the medical examination, the issuance of the policy, and that it was mailed to the company's agent at

Greenville. It alleged that any delay in the medical examination was waived. It set up the terms of the application and policy wherein the policy was to be of force only after delivery, and only then when delivered to the assured while she was in good health and the premium paid; that the premium has not been paid nor the policy ever delivered for the reason that the assured was sick when delivery was sought to be made, and which was undertaken within a reasonable time; that the alleged cause of action did not survive to the plaintiffs in their individual capacity—no administration of the estate having been had, and the plaintiffs being only a part of the real representatives of the deceased.

"Upon these issues the case went to trial at the Greenville, November, 1922, term of the Court of Common pleas, before Presiding Judge Thos. S. Sease and a jury. At the close of the testimony the appellant moved for a nonsuit or directed verdict on the issue of punitive damages and for a nonsuit on the whole case, upon the grounds appearing further on in the case. The motion as to punitive damages was granted, but overruled as to the whole case. The jury returned a verdict for the plaintiff for $1,000, the face of the policy, with interest from July 6, 1921, the date the action was begun. From the judgment entered or to be entered, due notice of intention to appeal was served."

The exceptions are ten in number, and we will not consider them all, as it is unnecessary in the view that we entertain that the judgment must be reversed and complaint dismissed, as both the application and the policy contained this agreement:

"This policy shall not take effect until the first premium is paid and the policy delivered, nor unless on the date of said payment and delivery of the policy the insured is alive and in sound health."

The premium was never paid, the policy was never de-

livered, and the insured died. The case of *Going v. Mutual Benefit Life Insurance Co.*, 58 S. C., 211; 36 S. E., 556, had no such provision either in the application or the policy itself. Neither can this case come within the principles announced in *Williams v. Philadelphia Insurance Co.*, 105 S. C., 305; 89 S. E., 675, so as to sustain the verdict.

The appellant was entitled to a nonsuit as asked for on the whole case, on the ground that the application and policy contained three conditions precedent: First, payment of the premium; second, delivery and acceptance of the policy; third, a state of good health at the time of delivery.

Judgment reversed.