13365

WRIGHT v. NEW ENGLAND MUTUAL LIFE INSURANCE CO. OF BOSTON, MASS.

(163 S. E., 133)

Messrs. Sawyer & Sawyer, for appellant,

*Messrs. Hughes & Russell,* for respondent, ▮▮▮▮▮

March 10, 1932.

The opinion of the Court was delivered by G. B. GREENE, Circuit Judge, Acting Associate Justice.

The complaint in this action was evidently modeled after the complaint in the case of *Williams v. Philadelphia Life Insurance Company,* 105 S. C., 305, 89 S. E., 675, in which case this Court held that the complaint contained allegations appropriate to two causes of action, one arising *ex contractu,* and the other *ex delicto.* Within due time after the service of the summons and complaint herein, the defendant gave notice of a motion to require plaintiff to elect between the two alleged causes of action. This motion was heard by his Honor, Judge T. J. Mauldin, who passed the following order:

"This is a Motion heard before me this day, upon due notice to require the plaintiff to elect between the two alleged Causes of Action, one *ex contractu* and the other *ex delicto,* alleged to be blended and mingled in one cause of action.

"After hearing argument on behalf of the motion it is my construction of the complaint that there is but one cause of action alleged, that is on contract, which is alleged to have been entered into, to-wit, a policy of Life Insurance, alleged to have been duly issued and not actually delivered to the assured by the alleged negligence of the local agent of the defendant.

"The motion is therefore, refused."

No appeal was taken from Judge Mauldin's order.

The allegations of the complaint appropriate to an action *ex contractu* are as follows: That on the 30th day of May, 1929, one Bert D. Wright, of the town of Johnston, Edgefield County, S. C., at the solicitation of one P. B. Yarborough, an agent of defendant, residing at Greenwood, S. C., made written application to defendant for a policy of "Ordinary Life Insurance" in the sum of $1,000.00, wherein his wife, the plaintiff herein, was to be named as beneficiary; that on the...... day of June, 1929, the defendant issued the policy of insurance as applied for, and forwarded same to its said agent for delivery to plaintiff; that on the 29th day of June, 1929, the said agent wrote the said Bert D. Wright as follows: "I am very glad to inform you that our Company has issued you a policy exactly as applied for. I will either bring or mail it to you next week"; that the said Bert D. Wright was prepared to pay the initial premium on said insurance whenever same should be called for by defendant's agent; that the said Bert D. Wright died suddenly at his home on the 4th day of July, 1929.

By its answer defendant set up as a defense to plaintiff's cause of action on contract the following: That the said Bert D. Wright made application for insurance as alleged in the complaint, and that by the terms and provisions of the said application the applicant enjoyed the option of prepaying the premium on said insurance, thereby causing the insurance to become of force immediately upon its issuance, irrespective of subsequent delivery, or of delaying payment of the premium until delivery of the policy applied for, in which event the insurance would not be in force until the first premium was paid while the applicant was in good health; that the said Bert D. Wright, in exercising his option, chose to delay payment of the premium until delivery with its consequent effect upon his rights under the proposed policy; that no policy of insurance issued by defendant in

compliance with said application was ever delivered to the said Bert D. Wright, no premium was paid, and no insurance was ever of force between the parties.

The case came on for trial at the September, 1930, term of Court for Union County, before his Honor, S. W. G. Shipp, presiding Judge, and a jury, and resulted in a verdict for plaintiff in the sum of $1,056.81. Defendant gave notice of a motion for a new trial. Judge Shipp granted said motion by the following order:

"This was a suit on behalf of the plaintiff against the defendant for damages for failure to deliver a policy of insurance. The jury rendered a verdict in favor of the plaintiff for One Thousand Fifty-six and 81/100 ($1,056.81) Dollars. The defendant makes a motion for a new trial principally upon the ground that no completed contract was shown by the testimony in this case. Judge Mauldin, who presided at the February 26, 1930 term of the Court, passed an order in which he held on a motion to require the plaintiff to elect between two alleged causes of action, one *ex contractu* and the other *ex delicto*, alleged to be blended and mingled in one cause of action; that under his construction of the complaint there was but one cause of action alleged, and that is on contract; to wit: A policy of life insurance alleged to have been duly issued and not actually delivered to the assured by the alleged negligence of the local agent of the defendant.

"After a very careful consideration of the matter, I am unable to differentiate this case from the case of *Wood v. Southeastern Life Insurance Company*, 107 S. C., 536, 93 S. E., 197; and *Welch v. Life Insurance Company of Virginia*, 124 S. C., 492, 117 S. E., 720. Under these cases, it is held by the South Carolina Supreme Court that where the application for the policy and the policy itself contains a provision that the insurance shall not take effect until the policy is delivered and a first premium paid, no action can be maintained on the policy where neither the premium has

been paid nor the policy delivered. The facts in the case at Bar are exactly parallel with the two cases cited. This being my view, I am compelled to grant the defendant a new trial in this case, and it is so ordered."

From the foregoing order of Judge Shipp, plaintiff appeals.

The question presented by the appeal for the determination of this Court is whether there was error on the part of the Circuit Judge in setting aside the verdict of the jury and granting a new trial upon the ground that there was no delivery of the policy of insurance applied for, no payment of the initial premium on said insurance, and therefore no completed contract between the parties upon which plaintiff could maintain her action.

Briefly stated, the facts of the case are as follows: On the 20th day of May, 1929, at the solicitation of P. B. Yarborough, agent for defendant, one Bert D. Wright, of the town of Johnston, Edgefield County, made application to defendant for a policy of ordinary life insurance in the sum of $1,000.00, said insurance to be payable at his death to his wife, Corrie Elizabeth Wright, the plaintiff herein. The said application contained the following provision: "It is hereby agreed that a copy of this application shall become a part of any policy issued hereon; that acceptance of any such policy shall constitute ratification of any and all changes noted by the company under 'Additions and Amendments,' and that the Insurance applied for shall not take effect unless and until this application is approved by the company at its home office, and the first premium is paid while the proposed Insured is in good health; provided, however, that if such premium is paid with this application, and it is so stated in answer to Question 28, the insurance shall take effect as stipulated in the conditional Receipt issued therefor."

The initial premium was not paid at the time the application was made, but there is ample evidence to the effect that the applicant was prepared to pay the premium, or the

necessary part thereof, whenever the policy was delivered and whenever the payment thereof was demanded by the agent of the defendant. On June 29, 1929, Yarborough, defendant's agent, who took the application, wrote the said Bert D. Wright as follows: "I am very glad to inform you that our Company has issued you a policy exactly as applied for. I will either bring or mail it to you next week."

This letter was written from Greenwood, S. C., as the said agent resided at that place. The said Bert D. Wright died suddenly at his home on July 4, 1929; the policy of insurance not having been actually delivered to him and the initial premium not having been paid. On July 5, 1929, defendant's said agent wrote plaintiff as follows: "I was very sorry indeed, to learn through yesterday's afternoon paper, of the death of Mr. Wright. It was quite a shock in a way, since I had recently written his application for $1,-000.00 Life Insurance. I wish he had given me settlement for the premium when I wrote this application, so that his policy would have been in force. The policy had been issued and I was intending to bring it to him and collect the premium the latter part of this week."

Was there error on the part of the Circuit Judge in holding that there was no completed contract of insurance in this case because there had been no delivery of the insurance policy and no payment of the initial premium? While it is admitted that there was no actual delivery of the insurance policy, there is evidence from which a constructive delivery may be inferred. The letter of defendant's agent to the said Bert D. Wright furnishes this evidence. A reasonable inference to be drawn from the language used in that letter is that defendant's agent desiring to put the applicant's mind at rest with respect to the insurance applied for, meant to assure the applicant that his insurance was then in force. The language used in said letter is just as strong and perhaps stronger than the words used by the agent of the insurance company in the case of *Wood v. Southeastern Life Insur-*

*ance Company,* 107 S. C., 536, 93 S. E., 197, 198. In that case the provision as to delivery of the policy and prepayment of the initial premium was similar to the provision contained in the application in this case. In the *Wood case* the insurance was issued and sent to the agent for delivery. The agent, "Simpson, told E. J. Wood Saturday morning that the policy was in Simpson's office and Wood could get it." In commenting upon the effect of this conversation between Simpson and Wood, the Court said "While there are two apparent issues, one of delivery and one of payment, the two incidents referred to make but a single practical issue, and that is, was the premium paid? For, had Wood paid the premium, when Simpson told him the policy was in the office and he could get it, a question of delivery would hardly arise, because the words of the two men at that transaction would tend to prove a constructive delivery, and that issue must have been submitted to the jury." *Wood v. Southeastern Life Insurance Co.,* 107 S. C., 536, 93 S. E., 197, 198.

There was no contention on the part of plaintiff that the initial premium on said insurance had been paid.

But it is universally held that such a provision as to the payment of the initial premium, being for the benefit of the insurer, may be waived by it.

"A condition that the policy shall not take effect or that the company shall not be liable until the payment of the first premium, being for the benefit of the company, may be waived by it either expressly or impliedly. A waiver may consist of acts, words, or conduct showing an intention on the part of the company to waive or not to insist upon the condition, such as giving of credit for all or part of the premium, the taking of a note or notes for the premium, or the unconditional delivery of the policy as a completed and executed contract under an express or implied agreement that credit shall be extended for all or part of the premium. By the foregoing rules it is meant that there is a waiver of

prepayment in the sense that the insurance take effect at once, but not a waiver of the right of the company to demand and receive the premium." 32 C. J., 1136.

"But payment may be effected by many mediums; and the parties may forego that part of the contract which prescribes prepayment by a waiver of it.

"The policy recites payment of the premium, and it was sent to the general agent for delivery. So much raises the presumption that the premium was paid. It is true that waiver is defined to be the voluntary relinquishment of a known right; but it often rests in a subtle operation of mind and speech. It may arise by expression, but more often by implication.

"If the company, who had a right under the contract, especially a right like the instant one, shall make any speech or perform any act from which a reasonable inference may be drawn that the company does not stand upon its right, then waiver may be inferred." *Williams v. Philadelphia Life Insurance Co.,* 112 S. C., 436, 100 S. E., 157, 160.

"The exceptions raising these questions are without merit. The provision in the policy relied on by the appellant was written into it by the company for its own benefit, and the condition named may be waived by it or its agent. 37 C. J., 406. As held by the Court in *Williams v. Insurance Company,* 112 S. C., 436, 100 S. E., 157, 160: 'Payment may be effected by many mediums; and the parties may forego that part of the contract which prescribes prepayment by waiver of it.' There was evidence that the policy was delivered in July by the local agent, and that credit was extended the insured for payment of the initial premium," *Galphin v. Pioneer Life Ins. Co.,* 157 S. C., 469, 154 S. E., 855, 858.

As stated above, there was evidence from which a constructive delivery of the insurance policy might be inferred by the jury, and such delivery, if so found by the jury, must of necessity have been unconditional, as

nothing was said in the letter as to the prepayment of the initial premium before the insurance could take effect. Moreover, a reasonable inference may be drawn from the language used by defendant's agent in his letter of June 29th to the effect that time for the payment of the initial premium was extended for a few days and until defendant's agent should call for it. Said agent's letter to plaintiff, under date of July 5th, goes far to confirm this construction of his former letter. In his letter of July 5th he states: "I was intending to bring it to him and collect the premium the latter part of this week."

As shown by the foregoing authorities, waiver of the prepayment of the initial premium may be implied from an unconditional delivery of the policy, and also from an extension of time for the payment of said premium, and there was sufficient evidence to go to the jury for its determination of these questions. It must be assumed that the learned Circuit Judge charged the law correctly in respect to the legal principle of waiver, and, the jury having found a verdict in favor of plaintiff, the said verdict should not be set aside except upon good and sufficient grounds.

Clearly the decisions in the cases of *Wood v. Southeastern Life Insurance Company, supra,* and *Welch v. Life Insurance Company of Virginia,* 124 S. C., 492, 117 S. E., 720, are not applicable to the facts of this case, except in so far as the former case supports the conclusion herein reached as to the constructive delivery of the insurance policy herein. In the *Wood case* there was no claim of waiver as to the payment of the premium. On the contrary, the claim was that the premium had been paid by an arrangement which the Court held not to be binding upon the insurance company. In the *Welch case* the cause of action was based upon the alleged negligent failure of the insurance company to deliver the policy of insurance within a reasonable time. No contention was made in that case that there had been a delivery of the policy, either actual or constructive; nor was

there any contention that there was a waiver of the condition requiring a prepayment of the initial premium. It was error, therefore, for the Circuit Judge to hold that the case at bar is parallel to the *Wood* and *Welch cases* and controlled by the decisions in those cases.

For the foregoing reasons, the order appealed from is hereby reversed, and the case remanded to the Circuit Court in order that judgment may be entered upon the verdict of the jury.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE BONHAM concurs in result.