ANA MARÍA SUSONI DE O'NEILL ET AL., Plaintiffs and Appellants, *v.* PACIFIC WOODMEN LIFE ASSOCIATION, Defendant and Appellee.

No. 6778. Argued December 17, 1936.—Decided May 21, 1937.

*Arturo O'Neill* for appellants. *R. Castro Fernández* and *José López Baralt* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Ana María Susoni, widow of O'Neill, and Ana Tudela de Milán de O'Neill, widow and mother, respectively, of Francisco O'Neill and beneficiaries under a policy issued by the Pacific Woodmen Life Association, brought the present action against the insurance company, to recover the amount of the insurance.

In the complaint it was alleged that on December 15, 1931, in consideration of the sum of $32, paid in advance and payable on December 15 of each year, the Pacific Woodmen Life Association issued and delivered to Francisco O'Neill, deceased, an insurance policy marked with the number ATE–1079325, whereby the defendant agreed to deliver to the beneficiaries the sum of $2,000 upon receipt of satisfactory proof of the death of Francisco O'Neill. It was also alleged that said proof was given to the defendant, the insured having died on November 16, 1932, while the contract of insurance was in force, and that the insurance company had refused to pay the amount of the policy notwithstanding the demands made upon it for that purpose.

The defendant denied that it had issued the said policy in consideration of the sum of $32 or that said sum had been paid. It also denied that Mr. Francisco O'Neill had died while the contract of insurance was in force. Other special defenses were averred in the answer which we will not mention as it is not necessary for a decision of the question raised.

At the close of plaintiffs' evidence, the defendant company presented a motion for nonsuit requesting the dismissal of the complaint, which the court granted; and the plaintiffs took the present appeal from the judgment rendered.

It is urged that said court erred in sustaining the motion for nonsuit, as the fact that the policy was in the possession of the insured established the presumption that the corresponding initial premium had been paid.

The plaintiffs in support of their claim confined themselves to a presentation of the policy which had been delivered to the deceased Francisco O'Neill. The defendant argued that a prima facie case in favor of plaintiffs had not been established, and maintained that from the policy introduced in evidence it appeared that the payment of the first premium was a condition precedent to the liability of the in-

surance company, and that the fact of such payment had not been established by the evidence. The lower court declared, with the defendant, that the payment of the first premium was a condition precedent, and held that in the absence of evidence on this point the motion of the insurance company should be sustained and the complaint dismissed.

We will begin with an examination of the terms of the policy in order to see what were the conditions required with respect to the payment of the first premium. Said policy contained the following clauses:

"(a) This policy will be valid only after the first premium has been delivered and paid during the life and good health of the insured.

"(b) No premium shall be considered as paid unless the same appears in the official receipt of the association, signed by an executive of the same and countersigned by the general agent, agent or cashier of the same.

"(e) Only the President and General Secretary of the association have the right to modify this insurance contract, and this will only be done in writing."

The following clause appears in the application signed by the insured which by agreement of the parties was made a part of the policy:

"(1) That if the first premium of the insurance requested is not paid in cash at the time this application is signed, the insurance will not be effective, unless the policy is delivered during my life and good health . . ."

In the policy issued by the insurance company it is stated that the application is attached to the policy and is made a part of the contract. The insured agreed that the application and "the provisions of the constitution, laws and regulations which at present govern the association or which in the future may be adopted by it, will constitute the basis for and will form part of the policy."

Apparently clauses a, b, and e of the policy and the first clause of the application do not establish exactly the same

conditions, because even though they tend to cover the same ground, they really differ in their terms.

Clause *a* definitely provides that the policy will not be effective until the first premium has been paid during the life and good health of the insured. The first clause of the application, although it establishes the same restriction, adds an exception to the provision when it says: "unless the policy is delivered during my life and good health." It is a clear principle of insurance law which admits of no doubt, that when two clauses of a contract are conflicting, that which is in favor of the insured must prevail. Bearing in mind this principle, we will consider the facts on which the present action is based.

The plaintiffs proved that they had the policy in their possession and that the same was delivered to the deceased. The legal conclusion, in the absence of proof, and none has been offered by the defendant as a motion for nonsuit was involved, is that the alleged condition precedent was waived by the delivery of the policy to the insured. This does not necessarily mean that judgment should have been rendered in favor of the plaintiffs without further consideration of the case. The defendant may in some way prove that said condition precedent was not waived; but the plaintiffs have so far presented at least a prima facie case.

Besides, the overwhelming majority of the decisions hold that an unconditional delivery of a policy is equivalent to an abandonment or waiver of the prepayment of the first premium.

Corpus Juris establishes the rule as follows:

"A condition that the policy shall not take effect or that the company shall not be liable until the payment of the first premium, being for the benefit of the company, may be waived by it either expressly or impliedly. A waiver may consist of acts, words, or conduct showing an intention on the part of the company to waive or not to insist upon the condition, such as the giving of credit for all or part of the premium, the taking of a note or notes for the

premium, or the unconditional delivery of the policy as a completed and executed contract under an express or implied agreement that credit shall be extended for all or a part of the premium. By the foregoing rules is meant that there is a waiver of prepayment in the sense that the insurance take effect at once, but not a waiver of the right of the company to demand and receive the premium." 32 C. J. 1136.

In *Berliner* v. *Travelers' Ins. Co.*, 53 Pac. 922, the Supreme Court of California said:

"That the general agent of defendant could waive the payment, deliver the policy, and thereby make it a valid and subsisting contract of insurance, notwithstanding the provision that it should 'not take effect unless the first premium is paid while the insured is in good health,' is well settled, and is not disputed. (Citations.) Not is it questioned that possession of the policy by the insured or by the beneficiary is prima facie evidence of its delivery as such valid and subsisting contract. The policy was produced by the plaintiff, and put in evidence; and there being no controversy as to the death of the insured, or as to the identity of the plaintiff as the beneficiary named in the policy, a prima facie case was made, and the defendant's motion for a nonsuit was properly denied. At this stage of the case, if the defendant had refused to introduce any evidence, a verdict for the plaintiff could have been properly directed, and, if so, it cannot be said that the verdict afterwards rendered is without evidence to support it. The burden of overcoming the prima facie case made by the plaintiff rested upon the defendant, and whether defendant's evidence, afterwards introduced, did or did not overcome plaintiff's prima facie case, was for the jury to determine."

In *Bankers Reserve Life Co.* v. *Sommers*, 242 S. W. 258, the Court of Appeals of Texas said:

"With the exception of the preprayment of the premium the contract of insurance was complete; therefore the unconditional delivery of the policy operated as a waiver of the prepayment of the premium although said policy contained an express provision to the effect that appellant shall not be liable until the premium shall have been actually paid in cash, and on said delivery the policy became a binding obligation, securing to the appellee, the beneficiary named therein, all of the benefits contracted for by the assured, and

such obligation continued notwithstanding appellant, under such circumstances, had the right to cancel the policy of insurance for nonpayment of the premium.''

See also the following cases: *Ginner's Mut. Underwriters Ass'n of Texas* v. *Pichard*, 34 S. W. (2) 641; *Aetna Life Ins. Co.* v. *Roewe*, 38 F. (2) 393; *Triple Link Mut. Indemnity Ass'n* v. *Williams*, 26 So. 19; *American Employers' Liability Ins. Co.* v. *Fordyce*, 36 S. W. 1051; and *Wright* v. *New England Mutual Life Ins. Co. of Boston, Mass.*, 163 S. E. 133. The last of these cases cites with approval the paragraph from Corpus Juris which he have transcribed above.

The insurance company maintains that the plaintiffs have changed the theory of their case on appeal, and in support of its contention it copies the following paragraph of the complaint:

''That on December 15, 1931, and in consideration of the sum of thirty-two dollars ($32) paid in advance and payable on December 15 of each year, the Pacific Woodmen Life Association issued and delivered to Mr. Francisco O'Neill, deceased, an insurance policy marked with the number ATE–1079325, whereby defendant agreed to pay to the beneficiaries, now plaintiffs, the sum of $2,000 upon receipt of satisfactory proof of the death of the insured Mr. Francisco O'Neill.''

The appellants answer by saying that, in accordance with the statement of the case, the facts in controversy were whether or not the insurance premium had been paid, or whether or not the insurance contract was in force at the time of the death of the insured.

At pages 3 and 4 of the statement of the case it is said:

''. . . . at nine o'clock in the morning, both parties appeared, the plaintiffs represented by their attorney, Arturo O'Neill, Esq., and the defendant by Attorney Rafael Castro Fernández, who stated that they were ready for trial.

''The attorney for plaintiffs, in order to familiarize the Honorable Court with the allegations of the complaint, proceeded to read the same, and counsel for defendant did likewise with respect to the answer.

"After having read said pleadings the attorney for the plaintiffs stated that the facts in controversy were, therefore, as to whether or not the first premium of the insurance had been paid and as to whether or not the insurance contract was in force at the time of the death of the insured; to which statement counsel for defendant agreed."

The plaintiffs also refer to the fourth paragraph of the complaint, wherein it is said that Mr. Francisco O'Neill died on November 16, 1932, while the contract of insurance was in force. The defendant argues that if the full amount of the annual premium, or $32 had been paid in advance as alleged in the complaint, the effectiveness of the policy would follow as an unavoidable consequence. The defendant is correct; but it is also true that the plaintiffs did not have to allege in the fourth paragraph of the complaint that the policy was effective once the amount of the annual premium had been paid.

The complaint sets forth the payment in an allegation and then alleges, in a separate paragraph, that the policy was in force at the time of the death of the insured. These allegations liberally interpreted, must subsist. They are not inconsistent with each other. If the insured paid the first premium, it is clear that the policy was in force when his death occurred. If he did not pay it and the policy was delivered to the insured, there was also established, in the absence of evidence to the contrary, a prima facie case in favor of the beneficiaries.

With the exception of the admission of the insurance company to the effect that Mr. Francisco O'Neill delivered to its agent in this Island the sum of $16, the plaintiffs have not proved that the balance of the amount of the first premium was paid; but the delivery of the policy to the insured was proved, and the beneficiaries base on this fact their contention that there was abandonment or waiver of the prepayment of the first premium, and that therefore the contract was in force at the time of the death of the insured.

We hold that the judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Chief Justice Del Toro took no part in the decision of this case.