# Stephenson *v*. Allison.

## *Action on Note.*

(Decided Feb. 3, 1910. 51 South. 622.)

1. *Insurance; Contract; Complete.*—A contract of fire insurance is complete when its terms have been settled by the concurrent assent of the parties and nothing remains to be done but delivery of policy.

2. *Same; Delivery.*—The general rule is that a delivery of fire insurance policy to the agent is a delivery to the insured, and sufficient to put the insurance into effect, although the agent retains the policy.

3. *Pleading; Amendment; Necessity.*—Where the dates in the original counts were laid under a videlicit as to the time the accounts fell due, an amendment differing only as to such date was unnecessary.

4. *Accord and Satisfaction; Assumption of Debt; Effect of Rebate.*—Where one owed another an account and settled it by issuing to such other a fire insurance policy and asssumed payment of the premium, which was paid, and afterwards the policy was cancelled and a rebate allowed, the person so paying the premium, to that extent the debt was not settled, and the party holding the account was entitled to a recovery to the amount of the rebate.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by R. L. Stephenson as trustee in bankruptcy against E. H. Allison on an account due the bankrupt. Judgment for defendant and plaintiff appeals. Reversed and remanded.

E. W. GODBEY, for appellant.—Counsel insist that there was no delivery of the policy.—Flanders on Insurance, 104 and note; *Consumers M. Co. Case,* 57 Atl. 440. Even if the policy was delivered the trustee was entitled to recover for the rebate on its cancellation.

CALLAHAN & HARRIS, for appellee.—The appellant has not complied with section 5, Local Acts 1894-5, 586.

*Williams v. Woodward I. Co.,* 106 Ala. 254; *Hood v. Pioneer M. & M. Co.,* 95 Ala. 461. It follows that there is nothing for review.—*Bridgeport L. Co. v. Ladd,* 107 Ala. 245. Counsel discuss the assignments of error, but without citation of authority.

SAYRE, J.—Plaintiff in error and in the court below sued as trustee in bankruptcy of the firm of Johnson & McDonald. In the circuit court, on appeal from the judgment of a justice of the peace, there was a judgment for the defendant. Defendant admitted the indebtedness sued upon, but sought to avoid liability by showing an accord and satisfaction, in that, pursuant to an agreement to that effect, he had issued to plaintiff a policy of fire insurance in a company for which he was agent, had assumed responsibility for the premium in settlement of the account, and in his settlement with his company at the end of the month then current had been charged with the premium. The agreement was made in August, 1906, when the account was presented for payment, and was written across the face of the account as follows: "Balance of account $10.00, which is to be taken up in insurance on policy now with Watson, Bowles & Curry, which will be taken out June 7, 1907. Johnson & McDonald." The agreement must be held to have contemplated a policy on such terms as were usually employed in such cases. June 4, 1907, agreeably to the contract for the discharge of the account in all substantial respects, so far as we can see, defendant wrote a policy in the Germania Insurance Company, insuring plaintiff's assignors against loss by fire. The evidence rather points to the conclusion that the policy was retained in the possession of the defendant; but he held it for the insured. A contract of fire insurance is complete when it appears that the terms of the contract

have been settled by the concurrent assent of the parties, and nothing remains to be done but to deliver the policy. The actual delivery is not essential to its completion. The insurer is considered as holding it for the benefit of the assured.—Flanders on Fire Ins. 104. The general rule is that delivery to the agent is delivery to the insured and is sufficient to put the insurance into effect, though the agent retains the policy in his own keeping.—Cooley's Briefs, 442-449; *Phoenix Assurance Co. v. McArthur*, 116 Ala. 659, 22 South. 903, 67 Am. St. Rep. 154. We do not doubt that there was a constructive delivery of the policy according to the intent of the parties, and that, if a loss had occurred prior to the cancellation, insured could have maintained his suit to recover.

But on July 4, 1907, plaintiff's assignors having become insolvent and having been put into bankruptcy, defendant, as agent for the company and in pursuance of the right reserved by the company, canceled the policy of insurance, whereupon the insured became entitled to the return of a certain proportion of the premium as unearned. Defendant drew for this unearned premium, and got credit for it with his company. This was admitted by the defendant. After the argument, and while the court was delivering its opinion, the plaintiff moved for leave to file amendatory counts. We infer from the argument submitted by the appellant that the purpose of the proposed amendments was to secure a recovery of the unearned premium. We have not been favored by appellee with any statement of the objections taken to the amendments. These amendatory counts differed from the original only in the date on which they state the account to have fallen due; the date in each, original and amendatory, being stated under a videlicet. We discover no necessity for the amendments

in any event; but, whether they should have been allowed or not, it appears to us that plaintiff should have been awarded judgment for the balance of the indebtedness not consumed in the purchase of insurance. Plaintiff's assignors bargained, not for a policy of insurance, but for the thing evidenced by it, viz., protection against fire during a period of time. Defendant admits that, after the cancellation of the policy, credit for the amount of the premium unearned was restored to him by his company. To that extent he has failed to pay his indebtedness, and judgment should have gone against him for that amount, with interest from the date of the return of the premium. Judgment will be so rendered here.—Acts 1894-95, p. 586.

Since writing the foregoing, a brief for appellee has reached our hands, which urges, to state them inversely to the order adopted by counsel: (1) There was no delivery of the policy. (2) The judgment of the trial court is not properly presented for review.

As to the first point: We are satisfied with what has already been said.

As to the second: On the authority of *Williams v. Woodward Iron Co.*, 106 Ala. 254, 17 South. 517; *Alabama Fruit Growing Ass'n v. Garner*, 119 Ala. 70, 24 South. 850, and *Bridgeport Lumber Co. v. Ladd*, 107 Ala. 245, 18 South. 165, in which statutes similar to the act of 1894-95 governing appeals from the circuit court of Morgan county were considered, it is argued that the bill of exceptions in the case at hand does not sufficiently disclose the conclusions and judgment of the trial court, so that this court cannot review those assignments which predicate error of the judgment rendered. The act provides that either party may, by bill of exceptions, present for review "the conclusions and judgment of the court upon the evidence, * * * and in case

16—165

there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same, as to the Supreme Court shall seem fit." The bill of exceptions purports to contain all the evidence, and concludes: "Thereupon the court rendered judgment for the defendant, to which the plaintiff duly excepted." We are at a loss to know why this is not a compliance with every intent of the statute. The argument seems to proceed upon the idea that conclusions and judgment mean something different. Conclusion does not mean a special finding certainly, unless a special finding be requested, which was not the case here. The two terms are used in the statute redundantly and as practical synonyms. The statement of the bill that the court rendered judgment for the defendant is a statement necessarily of the conclusion of the court that a judgment should be rendered, as well as that a judgment for the defendant was rendered.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.