[Farmers' Mut. Ins. Ass'n. of Alabama v. Stewart, et al.]

# Farmers' Mut. Ins. Ass'n of Alabama *v.* Stewart, *et al.*

*Assumpsit.*

(Decided April 22, 1914.   68 South. 254.)

1. *Evidence; Pleading; Admissibility.*—Where evidence tends to prove the issues presented, the fact that it may be insufficient to sustain such issues, does not render it inadmissible.

2. *Insurance; Policy; Delivery.*—The conduct or agreement of the parties to an insurance contract, showing what was intended by them, will control in determining what constitutes a delivery of the policy.

3. *Same; Delivery to Agent.*—Unless there is an agreement to the contrary, the delivery of a fire insurance policy to the local agent is ordinarily a delivery to the insured, and is sufficient to put the insurance into effect, although the agent retains possession of the policy.

4. *Same; Delivery by Mail.*—Where the action was on notes given for a fire insurance policy, evidence showing merely that the policy was issued and returned to the agent of plaintiff in ten days, and that he mailed it out immediately to the insured, and did not hear another word from it, does not show a delivery by mail where the evidence fails to show that the envelope was stamped and properly addressed to the insured at his proper postoffice or residence.

APPEAL from Andalusia City Court.

Heard before Hon. ED T. ALBRITTON.

Assumpsit by the Farmers' Mutual Insurance Association of the State of Alabama against D. B. Stewart and wife upon two promissory notes. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals. Affirmed.

The pleas were the general issue, want of consideration, failure of consideration, and that the notes sued on were given for the premiums due upon two policies of fire insurance which were to be delivered to defendants by plaintiff within a few days after the notes were signed, but which were never in fact delivered.

[Farmers' Mut. Ins. Ass'n. of Alabama v. Stewart, et al.]

Assignments of error: (1) and (2) Sustaining objec-. tions to question propounded to D. B. Stewart, relative to notice to him that these notes had been placed with Baldwin & Murphy for collection. (3) and (4) To same witness: "Did you have an agreement with Mr. Gibson at the time the notes were taken that you were to get a duplicate? and he was to deliver to you an original policy in a few days?" (5) This is a complete duplicate of the original. (6) To Gibson: "After the first policy was not received, was another policy issued to him." (7) Same as 6. (8) Refusal to permit introduction of policy. (9) Refusal to permit the plaintiff to prove that Gibson mailed the duplicate policy to E. O. Baldwin, one of counsel for plaintiff, after it was admitted that Mr. Baldwin offered to deliver the duplicate to Stewart (10) Refusal to permit Gibson to be asked: "Did you have a return card on the envelope when you mailed it?"

The charge referred to is as follows: (1) General charge to find for defendants.

BALDWIN & MURPHY, for appellant.

JONES & POWELL, for appellee.

THOMAS, J.—The suit was for the amount of two notes given by appellees to appellant for a policy of fire insurance, which was to be issued and delivered to appellees, insuring their dwelling, barns, and certain personal property therein. The first ten assignments of error were for the refusal of the court to admit evidence sought to be introduced by the appellant.

(1) The test of relevancy is the tendency to prove the issues presented by the pleadings; its sufficiency being a question for the jury under proper instructions

from the court. If the answer to a question may tend to prove the matters alleged, the question may be asked. It is not necessary that it be sufficient to prove them.— *Schuchardt v. Allen,* 1 Wall. 359, 17 L. Ed. 642; *Sanders v. Stokes,* 30 Ala. 432; 6 Mayf. Dig. p. 335, § 9.

The notes sued on were given as the consideration for an insurance policy to be issued by appellant and delivered to appellees within a few days from the date of the application. The several pleas deny that such policy was delivered to them within the time agreed upon, or delivered to them at all. Was there an actual delivery of the policy to the insured within the agreed time? If not, there was no error of the court in sustaining objection to the several question set out in the assignments of error from 1 to 10, inclusive.

(2) Whether or not a policy was delivered after its issuance, depends upon the intention of the parties as shown by their acts or agreements. Whatever the conduct or agreement of the parties shows, was to have amounted to a delivery will control.—11 Am. & Eng. Ency. Law (1st Ed.), 285; *Home Ins. Co. v. Adler,* 71 Ala. 516, 526; *Phoenix, etc., Co. v. McAuthor,* 116 Ala. 659, 660, 22 South. 903, 67 Am. St. Rep. 154.

(3) The general rule, in the absence of a special contract to the contrary, is that the policy is considered delivered to the insured when it is delivered by the company to the agent. This delivery is sufficient to put the insurance into effect, though the agent may retain the policy in his own keeping.—Cooley's Briefs, 442-449; *Stephenson v. Allison,* 165 Ala. 238, 51 South. 622, 138 Am. St. Rep. 26.

(4) Chief Justice McClellan, in *Triple Link Mut. Ind. Ass'n v. Williams,* 121 Ala. 138, 26 South. 19, 77 Am. St. Rep. 34, declared that a policy of insurance is delivered to the insured when it is put in the mail, duly

directed to the insured, and with postage prepaid. No evidence was introduced to show that the original policy was duly directed to the insured at his proper post office or place of residence, and that the same was "mailed duly stamped." Nothing short of this could amount to delivery by mail.—1 Mayf. on Ins. §§ 46-49; 1 Bacon, Benefit Societies, §§ 272, 273.

The pleas, however, allege a special agreement with the agent by the insured that the policy shoud be delivered to the insured within a few days of the making of the application for insurance. At most, this would give the company a reasonable time to issue, and immediately actually deliver, the policy to the insured. The defendants' evidence was positive of the nondelivery of the policy; the plaintiffs showed only that the policy was issued, and returned to the appellant's agent "in ten days,' and that he "mailed it out immediately to D. B. Stewart," and "did not hear another word from it." This testimony is far short of what is required to constitute a delivery by mail.

The question, "Did you have a return card on the envelope when you mailed it?" if answered in the affirmative, would still not tend to show a delivery, in the absence of evidence showing that it was stamped and properly addressed to appellees at their proper post office or residence. The evidence failed to show such a delivery of the policy within the reasonable time for delivery agreed upon by the parties. The several questions sought to be propounded by appellant to its witness would not tend to show such delivery of the policy within the time fixed by the contracting parties, and objections thereto were properly sustained by the court.

No error was committted by the court in giving, at the request of appellees, written charge numbered 1.

The cause is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.