## JACKSON et al. v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925. Rehearing Denied September 14, 1925.)

### No. 4463.

1. **Insurance** ⬅️136(2)—**When policy of insurance is "delivered" to insured stated.**

A policy of insurance is "delivered" to insured when it is deposited in the mails, duly directed to insured at his proper address and with postage prepaid, even though he never receives it, and is constructively delivered when it is mailed to an agent unconditionally for delivery to insured, even though agent does not actually deliver it; but rule is otherwise when policy is mailed to agent for delivery only on performance of certain conditions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deliver—Delivery.]

2. **Insurance** ⬅️136(2)—**Plaintiffs held entitled to recover on life insurance policy, notwithstanding death of insured prior to delivery of policy to him.**

Plaintiffs *held* entitled to recover on life insurance policy, notwithstanding death of insured prior to delivery of policy to him, where during his lifetime policy was mailed to local agent unconditionally for sole purpose of delivery to insured.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by A. O. Jackson and Lizzie Jackson against the New York Life Insurance Company. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

See, also, 299 F. 679.

On May 16, 1919, a son of the plaintiffs in error, at the solicitation of local agents of the defendant in error at Tillamook, Or., made and signed a written application for life insurance in the sum of $5,000, and in case of accidental death twice that sum. The application contained the stipulation "that the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime, and that unless otherwise agreed in writing the policy shall then relate back to and take effect as of the date of this application." At the same time the agents received from the insured a promissory note, payable 90 days thereafter, in the sum of $102.95, in payment of the first annual premium on the policy. The application and the note were then forwarded to the agents of the insurance company at its branch Office at Portland, Or., where the note was retained, and the application was forwarded to the home office of the company in New York City, where on May 28, 1919, a policy of insurance was issued, and on the following day was mailed to the branch office at Portland, with instruction to hold the same "until released by our medical board." On June 4, 1919, the policy was released by the medical board.

According to the records of the Portland office, the promissory note was mailed back to the agents at Tillamook on June 16, and on the following day the policy was mailed to them. About 9 o'clock on June 18 the applicant was killed in an automobile accident.

There was no proof of the actual receipt of the policy by the agents prior to the death of the insured. The insurance company denied liability on the policy. On the trial the court below instructed the jury to return a verdict for the defendant in error for failure of proof of the actual receipt of the policy by the insured during his lifetime.

Botts & Winslow, of Tillamook, Or., for plaintiffs in error.

Huntington, Wilson & Huntington, of Portland, Or., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The law applicable to the question here involved is fairly and we think correctly stated in 32 C. J. 1127, where it is said: "A policy of insurance is delivered to insured when it is deposited in the mails, duly directed to insured at his proper address and with postage prepaid, even though in fact he never receives it. Likewise the policy is constructively delivered when it is mailed to an agent unconditionally and for the sole purpose of delivery to insured, even though the agent does not actually deliver the policy to the insured. But the rule is otherwise when the policy is mailed to the agent for delivery only on the performance of certain conditions." The text is well supported by authority. New York Life Ins. Co. v. Rutherford (C. C. A.) 284 F. 707 (certiorari denied 262 U. S. 745, 43 S. Ct. 521, 67 L. Ed. 1211); Yonge v. Equitable Life Assur. Soc. (C. C.) 30 F. 902; New York Life Ins. Co. v. Babcock, 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134; New York Life Ins. Co. v. Mason, 151 Ark. 135, 235 S. W. 422, 19 A. L. R. 618; Glover v. New York Life Ins. Co., 27 Ga. App. 615, 109 S. E. 546; New York Life Ins. Co. v. Pike, 51 Colo. 238, 117 P. 899; Kilborn v Prudential Ins. Co., 99 Minn. 176, 108 N. W. 861; Mutual Life Ins. Co. v. Reid, 21 Colo. App. 143, 121 P. 132; Denton v. Kansas City Life Ins. Co. (Tex. Civ. App.) 231 S. W. 436; Stephenson v. Allison, 165 Ala. 238, 51 So. 622, 138 Am. St. Rep. 26; Wenz v. Business Men's Acc. Assn., 212 Ill. App. 581; Coci v. New York Life Ins. Co., 155 La. 1060, 99 So. 871; New York Life Ins. Co. v. Greenlee, 42 Ind. App. 82, 84 N. E. 1101; Folds v. New York Life Ins. Co., 27 Ga. App. 435, 108 S. E. 627; Unterharnscheidt v. Missouri State Life Ins. Co., 160 Iowa, 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743.

In several of the cases so cited the stipulations were identical with that which is involved in the case at bar, and the courts regarded the words "received by" as adding nothing to the meaning of the words "delivered to." In the case last above cited the court said: "If the premium is paid when the application is presented, and such application is approved and policy executed as of that date, and nothing remains but to deliver the paper to the insured, it may well be held that the sending of it to the agent, to be by him given over to such insured person, constitutes a sufficient delivery in law."

[2] The present case is one in which prior to the death of the insured, the policy was mailed to the local agents at Tillamook for the sole purpose of delivery to the insured. The stipulation that the insurance "shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime" does not take the case out of the rule, for the first premium had been paid at the time of making the application, and during the lifetime of the applicant the policy was mailed to the local agent unconditionally for the sole purpose of delivery to the applicant. The case is distinguishable from those in which the policy was to go into effect only upon manual delivery thereof to the insured, or in which something provided for in the contract yet remained to be done by the agent as a condition precedent to delivery, such as the ascertainment that the insured was then in good health or that he accepted the policy.

We refrain from passing upon the contention of the plaintiffs in error that there was such unreasonable delay in forwarding the policy from the Portland office to the local agents at Tillamook as to render the company liable. The record undoubtedly shows delay which is unexplained and unexcused, and apparently unreasonable. As early as June 9th the policy was in the Portland office, ready to be forwarded to Tillamook. There was no reason why it should not have been mailed on that or the following day. If that had been done, the policy would, in due course, have reached the insured several days prior to the accident. That such unreasonable delay renders the insurance company liable in damages in the full amount of the policy is sustained by authority. Security Ins. Co. v. Cameron, 85 Okl. 171, 205 P. 151, 27 A. L. R. 444; Boyer v. State Farmers' Mutual Hail Ins. Co., 86 Kan. 442, 121 P. 329, 40 L. R. A. (N. S.) 164,

Ann. Cas. 1915A, 671; Duffic v. Bankers' Life Association, 160 Iowa, 19, 139 N. W. 1087, 46 L. R. A. (N. S.) 25. But the question so presented is not involved in a case where, as here, the action is upon a contract and not for the recovery of damages. Upon the evidence in the case we think the plaintiffs were entitled to recover upon the policy.

The judgment is reversed, and the cause is remanded for a new trial.