## KASPRZAK v. MUTUAL LIFE ASSUR. CO. OF CANADA.

District Court, W. D. New York.
Nov. 29, 1932.

Watts & Findley, of Niagara Falls, N. Y., for plaintiff.

Dudley, Stowe & Sawyer, of Buffalo, N. Y. (Roy P. Ohlin and Mason O. Damon, both of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This is a motion to vacate the service of the summons on the ground that defendant is a foreign corporation not doing business in the state of New York, and that the court is therefore without jurisdiction. Plaintiff is a resident of the state of New York. Defendant is a corporation organized under and by virtue of the laws of the province of Ontario, Dominion of Canada, and has its head office at Waterloo, Ontario.

Summons was served on July 22, 1932, on the state superintendent of insurance of the state of New York, and venue was laid in the Supreme Court, Niagara county, N. Y. The action was brought to recover on a policy of insurance in the sum of $5,000 issued by defendant on July 15, 1931, on the life of one Eliasz Mekietiuk, who then resided in New York state. It was originally payable to the executors, administrators, or assigns of the insured. On October 28, 1931, an assignment purporting to assign such policy to the plaintiff was received by the defendant. Mekietiuk died in February, 1932. The policy remains unpaid.

On motion of the defendant, the action was removed to this court. Issue has not been joined. The defendant appears specially to raise the question of jurisdiction.

On December 22, 1928, pursuant to sections 28 and 30 of the Insurance Law of the state of New York (Consol. Laws N. Y. c. 28), defendant filed a designation, appointing the New York state superintendent of insurance as attorney for service of process in the state of New York, and deposited the required securities. A license to do business pursuant to the provision of subdivisions 1 and 2 of section 70 of the Insurance Law of this state was thereupon issued to defendant. Such designation has not been withdrawn or revoked.

Plaintiff contends that service of the summons as made confers jurisdiction, because the policy was written on the life of a New York resident; the plaintiff, the assignee of the policy, was a citizen of New York, and because the defendant has filed the aforesaid designation of the superintendent of insurance of New York as its agent to receive service. He contends that these undisputed facts establish the "presence" of the defendant within the state of New York sufficiently to authorize service of the summons, irrespective of whether defendant was "doing business" within the state. He asserts that the question is not one of jurisdiction, but of statutory construction. The state has the undoubted right to declare the method of service of process which will bind parties within its jurisdiction. Whether jurisdiction is obtained does depend upon the interpretation of the statute.

While the plaintiff states that the question of "doing business" within the state is irrelevant, he asserts the fact to be that defendant is doing business in this state and was in connection with this policy.

As I read the decisions of the federal courts and those of the courts in this state, it has clearly and definitely been held that the mere designation of an agent upon whom process may be served, under the provision of this statute and corresponding statutes of

other states, is not sufficient to confer jurisdiction, when it appears that the corporation was not "doing business" in the state. Chipman, Ltd., v. Thomas B. Jeffery Co., 251 U. S. 373, 40 S. Ct. 172, 64 L. Ed. 314; Old Wayne Mut. Life Ass'n v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345; Simon v. Southern Railway Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492; Robert Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U. S. 213, 42 S. Ct. 84, 66 L. Ed. 201.

In Chipman, Ltd., v. Thomas B. Jeffery Co., supra, the facts are comparable with those in the case at bar. The court held that the District Court did not have jurisdiction. It was decided on the assumption of the control of a state statute. The court points out that in Bagdon v. Philadelphia & Reading C. & I. Co., 217 N. Y. 432, 111 N. E. 1075, L. R. A. 1916F, 407, Ann. Cas. 1918A, 389, the opinion "dwelt upon the fact and distinguished thereby, Old Wayne Mut. Life Ass'n v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345, and Simon v. Southern Ry. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492, in both of which the causes of action were based on transactions done outside of the states in which the suits were brought."

The Chipman Case points attention to the fact that in Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N. E. 915, it was found that the defendant was doing business in the state, and further in referring to such case said: "But the court went further and left no doubt of the ground of its decision. It said: 'Unless a foreign corporation is engaged in business within the state, it is not brought within the state by the presence of its agents.' * * * And further said: 'The essential thing is that the corporation shall have come into the state.' If prior cases have a different bent, they must be considered as overruled, as was recognized in Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270, 277, 115 N. E. 711."

■■ In this case it appears that the application for the policy purports to have been made in Canada. Even though it were signed in New York state, as claimed by plaintiff, the plaintiff would be concluded by the statement in the application. Even if the application was and purported to be executed in New York state, that fact alone would not constitute "doing business" in that state. It is undisputed that the application was sent to the home office in Canada, and the policy issued from such office. It does appear that a medical examination was made in New

York state, but that likewise did not constitute "doing business" in the state. Baldwin v. Iowa State Traveling Men's Ass'n (C. C. A.) 40 F. (2d) 357; Minnesota Commercial Men's Ass'n v. Benn, 261 U. S. 140, 43 S. Ct. 293, 67 L. Ed. 573.

The defendant had issued a few policies on lives of residents of New York state, but it does not appear that any transactions in connection with the issuance of these policies were performed in that state.

■ Defendant contends that its purpose in procuring a license in New York state was to enable it to make a contract of reinsurance with another Canadian insurance company on lives of residents in New York. It has engaged in reinsurance under such contract. This, however, does not constitute "doing business" within the state. In Morris & Co. et al. v. Skandinavia Insurance Co., 279 U. S. 405, 49 S. Ct. 360, 361, 73 L. Ed. 762, the defendant entered into a reinsurance contract in New York. In the action which was brought in Mississippi, the court said in part: "Respondent's business in the United States was confined to reinsurance, and all such contracts were made in New York City. Some of the reinsured risks covered property in Mississippi, and that made the above-mentioned appointments necessary in order to comply with the laws of the state. * * * Reinsurance involves no transaction or privity between the reinsurer and those originally assured. The lower courts rightly held that the making of the reinsurance compacts in New York between respondent and insurers of property in Mississippi was not the doing of business in that state. And, as its consent to be sued there cannot be implied from any transactions within the state, there is no jurisdiction, unless respondent's authorization in respect of service is broad enough to extend to this case." The Supreme Court affirmed a judgment dismissing the action for want of jurisdiction. Vide also Robert Mitchell Furniture Co. v. Selden Breck Construction Co., supra; Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530, 531, 27 S. Ct. 595, 51 L. Ed. 916; Minnesota Commercial Men's Ass'n v. Benn, supra; Palmetto Fire Insurance Co. v. Beha (D. C.) 13 F. (2d) 500; and numerous cases cited in these citations.

The authorities in the federal courts and in those of the state of New York are uniformly to the effect that the defendant, as disclosed by the affidavits submitted on this motion, was not "doing business" in the state, and was not "present" in the state of New

York. In addition to cases above cited, I may add Hyde v. Goodnow, 3 N. Y. 266; Western v. Genesee Mutual Insurance Co., 12 N. Y. 258; Holzer v. Dodge Brothers, 233 N. Y. 216, 217, 135 N. E. 268; Brocia v. Franklin Plan Corp., 235 App. Div. 421, 257 N. Y. S. 167; Fowble v. Chesapeake & O. Ry. Co. (D. C.) 16 F.(2d) 504; Jackson v. N. Y. Life Insurance Co. (C. C. A.) 7 F.(2d) 31; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710; Buffalo Batt & Felt Corp. v. Royal Mfg. Co. (D. C.) 27 F.(2d) 400; Stein v. Standard Oil Co. of California (D. C.) 36 F.(2d) 258.

On examination of the numerous cases cited for the plaintiff, several of which have been hereinbefore cited, it either appears that the defendant was then or had been engaged in business in the state in which the action was brought, or else it does not appear that he was not so engaged. These, therefore, are not authorities for plaintiff's contention.

In certain other cases cited by the plaintiff in effect it has been held, as he contends, that the designation of an agent pursuant to a state law places one at the risk of such construction as the court of that state shall put on that statute. But, as I have already indicated, the weight of authority in New York state is that the mere designation of an attorney does not make a foreign corporation amenable to service there where the transactions concerning which the action was brought did not occur within the state and where the defendant was not engaged in "doing business" in that state.

For the reasons hereinbefore given, the motion must be granted.