The majority of cases allowing evidence of a refusal to submit to a sobriety test do so on the basis of relevancy. That aspect of the law has been amply treated in the majority opinion. In appreciating that aspect it should be noted that a factual circumstance may be relevant upon an issue, and therefore admissible, even though that circumstance standing alone would be incapable of proving the issue. Ensley HoldingCo. v. Kelley, 229 Ala. 650, 158 So. 896 (1935); Farmers'Mutual Ins. Assoc. of Alabama v. Stewart, 192 Ala. 23,68 So. 254 (1915). All that is required under the rule of relevancy is that the matter sought to be admitted sheds light on the main issue (intoxication here), i.e., establishes a logical and reasonable inference in support of that issue. George D. WittShoe Co. v. Mills, 224 Ala. 500, 140 So. 578 (1932). In that connection, circumstances of conduct and appearance have been held relevant on the issue of intoxication. Southern NaturalGas Co. v. Davidson, 225 Ala. 171, 142 So. 63 (1932). On that basis it was not error to admit the refusal here because it would reasonably tend to establish fear of an unfavorable result, and that fact logically is tied to the ultimate issue of intoxication, even though it may appear to be a weak connection. See 29 Am.Jur.2d, Evidence, § 252.