OPINION OF THE COURT
William L. Underwood, Jr., J.
The amended complaint alleges fives causes of action and plaintiff seeks damages and an accounting as a result of the failure of defendants to pay sales commissions.
Defendants moved pursuant to CPLR 3211 (subd [a], par 8) to dismiss plaintiff’s complaint upon the ground that “the court has not jurisdiction of the person of the defendants.” The court by a memorandum decision stated, inter alla, that “the contradictory affidavits before this court do not sufficiently disclose whether the corporate defendant or individual defendant are subject to the jurisdiction of this court under CPLR 301 or CPLR 302” and the court granted plaintiff’s cross motion for an examination before trial.
Thereafter, a nonjury trial was held before the undersigned to determine the jurisdictional question.
I
Plaintiff and the individual defendant were the princi *691 pal witnesses at the trial and the following facts were elicited.
Plaintiff was a resident of the State of New York when the action was commenced and he now lives in the State of Florida. He was a salesman for the defendant corporation and he “started calling on trade, trying to sell merchandise *** [He] first started calling on a New York trade which is where most of the business was being done at the time.” Plaintiff “tried to sell them merchandise and in other cases [he] serviced them [by] delivering] swatches to them *** to enable them to sell the product.” Plaintiff called on the New York accounts under the supervision of the individual defendant. Plaintiff received his paychecks from the corporate defendant in New Jersey.
Defendant corporation is a foreign corporation organized under the laws of New Jersey and it is not licensed to do business in New York (note, however, Business Corporation Law, § 1312, subd [b]). Its corporation records and minutes are maintained in New Jersey. The corporation “was formed in early 1975 to act as a selling agency for Pem-Kay Furniture Company, which is a furniture manufacturing company *** in North Carolina”. It was also characterized as a “sales agency” for Pem-Kay Furniture. The corporation employed several salesman and “the responsibilities of the salesmen were to solicit the distribution of goods (of Pem-Kay Furniture Company-author) throughout the portions of the United States that we could reach geographically within our trucking areas of North Carolina.” The accounts of Pem-Kay Furniture were allocated to the several salesmen “to service specific customers to again sell or solicit business and to try and achieve volume for Pem-Kay through Mt. Olive”.
The individual defendant, a New Jersey resident, on many occasions over a period of five years visited the New York accounts to solicit and service business for the defendant corporation and to inquire about complaints. In short, the individual defendant acted as the “chief’ salesman for the defendant corporation.
*692 Defendant corporation does not maintain an office, a telephone or a checking account in New York and it does not advertise in New York. All orders solicited by the salesmen must be approved by the defendant corporation in New Jersey and all customers pay their bills directly to Pem-Kay in North Carolina or its factor which is also located there.
Finally, the individual defendant testified that the corporate defendant conducted substantial business with the New York accounts. He stated that the corporate defendant did $500,000 worth of business with Macy’s, $700,000 worth of business with Saks, $400,000 worth of business with Sloan, and $500,000 worth of business with Gertz.
II
Plaintiff’s primary argument is that defendants are “doing business” within the State of New York pursuant to CPLR 301 and are therefore subject to the jurisdiction of the court.
CPLR 301 simply states that “A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore.” A leading treatise has stated that “CPLR 301 carried into the new practice all extant New York statutory and case law principles on bases of jurisdiction.” (1 Weinstein-Korn-Miller, NY Civ Prac, par 301.10) and “doing business” is one such principle (see, e.g., Tauza v Susquehanna Coal Co., 220 NY 259). In fact, the Tauza case held that the cause of action sued upon does not have to arise out of the activities in this State if the foreign corporation was “doing business” in New York (Tauza v Susquehanna Coal Co., supra, p 268; see, also, Public Administrator of County of N.Y. v Royal Bank of Canada, 19 NY2d 127). The burden of proving that jurisdiction over the person of defendants has been obtained is on the plaintiff. (Peterson v Spartan Inds., 33 NY2d 463.)
Plaintiff, therefore, argues, that “the Court must look into the entire complex of facts involved in ascertaining * * * (doing business and) defendants have conducted *693 théir business in such a manner as to be subject to the jurisdiction of this Court”.
Plaintiff is correct in this assertion. The Court of Appeals has stated that “There is, of course, no precise measure of the nature or extent of local purchasing activities which will render a foreign corporation amenable to process in this State. Each case must be decided on its own particular facts.” (Sterling Novelty Corp. v Frank & Hirsch Distr. Co., 299 NY 208, 210.) The court also stated that “the test for ‘doing business’ is and should be a simple pragmatic one”. (Bryant v Finnish Nat. Airline, 15 NY2d 426, 432.) “No abstract test for determining presence of a foreign corporation has been articulated; activities which can be characterized as systematic, regular or continuous, or those which take place from a relatively permanent office* tend to support a finding of ‘doing business.’” (1 Weinstein-Korn-Miller, NY Civ Prac, par 301.16.)
Finally, this court is aware of the very recent decisions of the Supreme Court of the United States in Rush v Savchuk (444 US 320) and World-Wide Volkswagen Corp. v Woodson (444 US 286). Although these cases dealt with quasi in rem jurisdiction (Rush) and long-arm personal jurisdiction (World-Wide Volkswagen) the court commented on the jurisdiction of a State over nonresident defendants as follows:
“As has long been settled, and as we reaffirm today, a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist ‘minimum contacts’ between the defendant and the forum State. International Shoe Co. v. Washington, supra at 316. The concept of minimum contacts, in turn, can be seen to perform two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.
“The protection against incovenient litigation is typically described in terms of ‘reasonableness’ or ‘fairness.’ *694 We have said that the defendant’s contacts with the forum State must be such that maintenance of the suit ‘does not offend’ ‘traditional notions of fair play and substantial justice.’ ” International Shoe Co. v. Washington, supra, at 316, quoting Milliken v. Meyer, 311 U. S. 457, 463 (1940). The relationship between the defendant and the forum must be such that it is ‘reasonable ... to require the corporation to defend the particular suit which is brought there.’ 326 U. S., at 317. * * *
“The limits imposed on state jurisdiction by the Due Process Clause, in its role as a guarantor against inconvenient litigation, have been substantially relaxed over the years. As we noted in McGee v. International Life Ins. Co., supra, at 222-223, this trend is largely attributed to a fundamental transformation in the American economy.
* * *
“Nevertheless, we have never accepted the proposition that state lines are irrelevant for jurisdictional purposes, nor could we, and remain faithful to the principles of interstate federalism embodied in the Constitution.” (World-Wide Volkswagen Corp. v Woodson, supra, pp 291-293.)
Ill
Defendants, on the other hand, contend that notwithstanding the above principles they are not “doing business” in New York because the mere solicitation of business in New York without any additional business activities does not amount to “doing business” under CPLR 301. (See, e.g., Miller v Surf Prop., 4 NY2d 475; Ziperman v Frontier Hotel of Las Vegas, 50 AD2d 581; Carbone v Fort Erie Jockey Club, 47 AD2d 337; Sirois Leather v Lea-Suede Corp., 44 AD2d 815; Meunier v Stebo, Inc., 38 AD2d 590; 1 Weinstein-Korn-Miller, NY Civ Prac, par 301.16.)
However, the thread in all of these cases is that the solicitation of business in New York by a third party is not sufficient to constitute “doing business” by a foreign corporation defendant so as to subject it to New York jurisdiction. For instance, in the Miller case (supra), plaintiff could not sue the foreign corporation defendant (Surf Properties, Inc.) in New York because the solicita *695 tian of business by Broadway Resort Service on behalf of defendant was “not enough to constitute doing business in this State [cases omitted]” by the foreign corporation defendant (p 480). In other words, defendant was not “doing business” in New York by the mere solicitation by a third party (Broadway Resort Service) in New York. The Court of Appeals did not hold that the solicitation of business by the third party, Broadway Resort Service, was not “doing business” by Broadway Resort Service, or that the solicitation of business in New York is not “doing business” by the one who does the soliciting.
If we apply the rationale of these cases, as defendants urge us to do, to the facts of this case, the court should hold that plaintiff cannot sue Pem-Kay Furniture in New York based upon the solicitation and servicing of New York accounts by defendants. However, plaintiff did not sue Pem-Kay but rather defendants.
In conclusion, this court holds that part of the defendant corporation’s business is the solicitation and servicing of New York accounts and these activities constitute “doing business” within the meaning of CPLR 301. These activities are systematic, regular and continuous and lead to the conclusion that the foreign corporation defendant and the individual defendant are “present” in New York for the purpose of in personam jurisdiction. This suit does not offend the “traditional notions of fair play and substantial justice.”
The foregoing shall constitute the decision of the court and all motions are decided in accordance with it.