■ JEROME LAUFER, Respondent, v IRA OSTROW et al., Appellants. — In an action to recover sales commissions, defendants appeal from an order of the Supreme Court, Suffolk County, dated March 7, 1980, which, after a hearing, denied their motion to dismiss plaintiff's complaint, pursuant to CPLR 3211 (subd [a], par 8). Order affirmed, with costs, for the reasons set forth in the opinion of Mr. Justice Underwood at Trial Term. Lazer, J.P., Gibbons and Gulotta, JJ., concur.

Cohalan, J., dissents and votes to reverse the order and grant the motion to dismiss, with the following memorandum: The mere solicitation of business in New York by a foreign corporation is not sufficient to constitute doing business in this State *(Miller v Surf Props.,* 4 NY2d 475; *Carbone v Fort Erie Jockey Club,* 47 AD2d 337; *Delagi v Volkswagenwerk AG of Wolfsburg, Germany,* 29 NY2d 426; *Irgang v Pelton & Crane Co.,* 42 Misc 2d 70). The fact that the corporate defendant is a foreign sales agency, whose sole business is the solicitation for products manufactured by a foreign furniture corporation, does not mandate a contrary result. The acts conducted by the corporate defendant in New York amounted to mere solicitation of business and the services performed were essentially mechanical tasks, incidental to solicitation. The

fact that substantial sales were derived from the solicitation does not make a foreign corporation amenable to suit in this jurisdiction (see *Delagi v Volkswagenwerk AG of Wolfsburg, Germany, supra*).