OPINION OF THE COURT
William L. Underwood, Jr., J.
This case presents an interesting variation on New York’s long-arm jurisdiction concerning the interpretation of the phrase “transaction of business” contained in section 59-a of the Insurance Law.
Third-party defendant, Harleysville Insurance Company (hereinafter referred to as Harleysville), moves for summary judgment dismissing the third-party complaint as to it (CPLR 3212) and that the court lacks jurisdiction of “the person of the defendant” (CPLR 3211, subd [a], par 8).
The third-party action seeks a declaratory judgment regarding the responsibility of the various parties concerning the *330 payment of no-fault insurance benefits. Harleysville’s answer alleges as a first affirmative defense that the court lacks jurisdiction over it (CPLR 3211, subd [e]).
Harleysville states that it “is a foreign corporation not authorized to do business in the State of New York. It does not transact business in New York and has no offices or employees in New York. The policy of insurance * * * was not issued in the State of New York”. Harleysville concludes that it “maintains its offices in Somerset, New Jersey”.
Third-party plaintiffs resist the motion and contend, under the facts presented, that section 59-a (subd 2, par [a], cl [4]) of the Insurance Law permits them to serve Harleysville. Specifically, the section, inter alla, provides that “[a]ny of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer * * * (4) any other transaction of business, is equivalent to and shall constitute an appointment by such insurer of the superintendent * * * upon whom may be served all lawful process in action”.
Third-party plaintiffs state that Harleysville “designated a company (in New York — author) called Card-Winn Adjusters * * * to negotiate a settlement” of their personal injury claim and that this designation constitutes “any other transaction of business”. Therefore, they served the Superintendent of Insurance who then served Harleysville.
At the outset, it has been held that “[t]he burden of proving that jurisdiction over the person of defendants has been obtained is on the plaintiff” (Loufer v Ostrow, 107 Misc 2d 690, 692 [Underwood, J.], affd 79 AD2d 969, mod 55 NY2d 305).
Third-party plaintiffs’ contention, as previously noted, is that “various employees of Card-Winn Adjusters represented to me (the attorney for third-party plaintiffs — author) that they were the authorized representative” of Harleysville. On the other hand, a partner in Card-Winn Adjusters submits an affidavit and he states that his company “is not * * * an exclusive agent” of Harleysville and that his company “performs claims adjustment services for various insurance companies on a fee basis and does not exclusively represent just one company” (note, however, McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1984-1985 Pocket Part, CPLR C302:3, pp 35, 51).
The mere designation of a New York claims adjuster to settle a personal injury claim by a foreign insurer not authorized to do business in New York does not constitute “any other transaction *331 of business” to warrant this court in exercising jurisdiction over Harleysville.
Harleysville’s minimum contact with New York is not sufficient to make it reasonable and just according to “ ‘traditional notions of fair play and substantial justice’ ” that it be required to defend the action here (International Shoe Co. v Washington, 326 US 310, 316; Rush v Savchuk, 444 US 320; World-Wide Volkswagen Corp. v Woodson, 444 US 286).
Support may be found in section 59-a of the Insurance Law which provides that certain acts in New York shall constitute the appointment of the Superintendent of Insurance to accept service of process. The section mentions that the acts of the issuance or delivery of contracts of insurance to residents of this State or the solicitation of applications for such contracts or the collection of premiums for such contracts is sufficient. The section concludes with the catch-all phrase “any other transaction of business” (Insurance Law, § 59-a, subd 2, par [a], cl [4]). This phrase, when read in connection with the other “acts”, means more than a foreign insurance company merely designating a claims adjuster in New York to settle a personal injury claim. Furthermore, the section continues that the service of process on the Superintendent is proper “in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract on insurance” (Insurance Law, § 59-a, subd 2, par [a], cl [4]). This declaratory action concerning the payment of no-fault insurance benefits does not arise out of Harleysville’s transacting any business in New York.
Additionally, although there is a dearth of cases interpreting section 59-a (subd 2, par [a], cl [4]) of the Insurance Law (see, e.g., Ringers’ Dutchocs v S.S. S.L. 180, 494 F2d 678), an analogy may be found in CPLR 302 (subd [a], par 1) which uses the phrase “transacts any business” which is comparable to the phrase “transaction of business” contained in section 59-a of the Insurance Law.
In the leading case of Longines-Wittnauer Watch Co. v Barnes & Reinecke (15 NY2d 443, 457, n 5) the court stated that the jurisdictional inquiry concerning CPLR 302 (subd [a], par 1) must focus “on the totality of the defendant’s activities within the forum” and jurisdiction is obtained when it can be concluded that the nonresident “engaged in some purposeful activity in this state in connection with the matter in suit” (see, also, Frummer v Hilton Hotels Int., 19 NY2d 533; Kramer v Vogl, 17 NY2d 27).
*332 A leading commentary has stated concerning CPLR 302 that “[ijt is not sufficient for jurisdiction under this section that the defendant has performed an act in New York; it is also required that the cause of action arise from that act” (McLaúghlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C302:2, p 63). Another treatise has commented “For example, no matter how much business defendant transacts in New York, he will not be subject to jurisdiction unless the cause of action arose out of the transaction” (1 Weinstein-Korn-Miller, NY Civ Prac, par 302.05, p 3-76).
In this case, third-party plaintiffs can only point to the fact that Harleysville designated a claims adjuster in New York to negotiate a settlement of the personal injury claim which would imply that the claims adjuster was designated after the third-party plaintiffs’ injury. Nor do they claim that the cause of action arose from any act of the claims adjuster.
The thread of long-arm jurisdiction is that the acts sufficient to constitute “transacting any business” arose prior to the commencement of the lawsuit and form a nucleus of the suit. In this case, third-party plaintiffs seek to utilize the acts of the claims adjuster which occurred after the accident to form a basis for long-arm jurisdiction. This variation is improper.
Although “[t]he limits imposed on state jurisdiction by the Due Process Clause * * * have been substantially relaxed over the years” ("World-Wide Volkswagen Corp. v Woodson, 444 US 286, 292, supra), State lines are still relevant for jurisdiction purposes.
In conclusion, under all the circumstances presented, including the facts that Harleysville is a foreign corporation not authorized to do business in New York, that it has no employees or officers in New York, that the subject insurance policy was issued in New Jersey, that the accident occurred in New Jersey and that the cause of action did not arise from the acts of the claims adjuster, this court determines that third-party defendant is not subject to the long-arm jurisdiction of the court pursuant to section 59-a (subd 2, par [a], cl [4]) of the Insurance Law.
The motion to dismiss the third-party complaint as to Harleysville upon the ground that the court lacks jurisdiction over its “person” is granted; the motion for summary judgment is denied as moot.