AMT Capital Holdings, S.A. v Sun Life Assur. Co. of Can. (2018 NY Slip Op 03318)





AMT Capital Holdings, S.A. v Sun Life Assur. Co. of Can.


2018 NY Slip Op 03318


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6478A 654756/16 6478

[*1] AMT Capital Holdings, S.A., Plaintiff-Appellant,
v
Sun Life Assurance Company of Canada, Defendant-Respondent.


Lipsius-Benhaim Law, LLP, Kew Gardens (Ira S. Lipsius of counsel), for appellant.
Drinker Biddle & Reath LLP, New York (Joseph M. Kelleher of the bar of the State of Pennsylvania and the State of New Jersey, admitted pro hac vice, of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about April 12, 2017, dismissing the action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 16, 2017, which granted defendant's motion to dismiss the action for lack of personal jurisdiction, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Neither CPLR 302(a)(1) nor Insurance Law § 1213(b)(1) provides a basis on which New York courts may exercise personal jurisdiction over defendant, which, as plaintiff acknowledges, is incorporated in Canada, has its principal place of business in Canada, and is not authorized to do business in New York. Defendant issued a $10 million life insurance policy to a trust, designated on the policy application as the policy owner and beneficiary, which the record shows has its situs in New Jersey. The policy application was signed in New Jersey, and the receipt reflecting delivery of the policy identifies New Jersey as the place of execution. While the trustee may be a New York resident, he is neither the designated owner nor a beneficiary of the policy.
Plaintiff cites no authority to support its argument that New York courts may exercise jurisdiction over defendant because the policy insured the life of a New York resident. Nor do defendant's purported ties to New York suffice. Plaintiff points out that the medical portion of the application was signed in New York by the insured and the medical examiner and that, before it was delivered to the trustee, the policy passed through two New York intermediaries. These transactions are not only too fleeting to provide a jurisdictional foundation, but are also not the acts from which plaintiff's claims arise (see CPLR 302[a][1]; see also Kasprzak v Mut. Life Assur. Co. of Canada, 1 F Supp 915 [WD NY 1932]; 1 Couch on Ins. § 3:14 [3d ed 2017]; McKee Elec. Co. v Rauland-Borg Corp., 20 NY2d 377 [1967]). Even assuming, as the record suggests, that defendant assured plaintiff (which acquired ownership of the policy) of the incontestability of the policy by a letter faxed to a New York number, this is not sufficient to establish New York jurisdiction over defendant (see America/Intl. 1994 Venture v Mau, 146 AD3d 40 [2d Dept 2016]).
Insurance Law § 1213 is inapplicable, because its purpose is to protect the interests of New York residents who "hold" policies "delivered in this state" (subsection [a]). The record does not support jurisdiction under subsection (b)(1)(A), (B) or (C). As Insurance Law § 1213(b)(1)(D) has been interpreted as analogous to CPLR 302(a)(1) (see Karl Andersen v Sun Life Assur. Co. of Canada, SD NY, 15 Civ. 4422 [AKH], November 13, 2015, citing Farm Family Mut. Ins. Co. v Nass, 126 Misc 2d 329 [Sup Ct, Suffolk County 1984], affd 121 AD2d [*2]498 [2d Dept 1986]; Ringers' Dutchocs, Inc. v S.S.S.L. 180, 494 F2d 678 [2d Cir 1974]), it, too, is inapplicable.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK